CONNELIUS CARL *vs.* S. LESTER YOUNG AND FREDERICK W. ROBIE.

Androscoggin.    Opinion October 1, 1907.

*Tenant.   Negligence.   Pleading.*

1.  The tenant of a building is not an insurer against articles being thrown from a window to the injury of persons outside.  He is only bound to the exercise of ordinary care.

2.  A declaration setting forth an injury received from an article thrown from a window of a building in the tenancy of the defendant, but not setting forth any facts showing negligence on his part, is not sufficient to sustain the action.

On exceptions by plaintiff.    Overruled.

Tort.    The declaration in the plaintiff's writ is as follows:.  .

" In a plea of the case for that the said plaintiff on the 3rd inst. was rightfully passing along from Mechanic Row to Main Street in a passageway legally opened and subject to the rights of travellers to pass upon, in the rear of the store and place of business maintained by the defendants,. and while so passing along in the rear of the store of said defendants, without any notice, the window of their place of business was raised and someone to the plaintiff unknown, from the inside, threw out a certain vessel, to wit, a spittoon, loaded with blazing benzine and other filth and upon the body of the said plaintiff covering him with filth and ruining his clothing which he then wore, causing him great fright and damage to his person as well as to his clothing and against our peace."

To this declaration the defendants filed a general demurrer which was sustained and thereupon the plaintiff excepted.

*George C. Wing and George C. Wing, Jr.,* for plaintiff.

*Tascus Atwood,* for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

EMERY, C. J.    It is evident that the declaration in this case can be sustained only upon the assumption that the tenant of a building

is liable for injuries suffered by a passer-by from anything thrown by any person from a window of the building, though neither such tenant nor any of his servants were in fault.    There is no allegation in the declaration that the article inflicting the injury was thrown by either of the defendants or any of their servants nor is it stated wherein they were in fault in not preventing the injury.

We think the assumption is without foundation and that in this State such tenant is not bound at his peril to prevent such injuries but only to exercise due care to prevent them.    The decisions in the cases cited by the plaintiff were based upon the negligence of the defendant duly alleged and proved.    In this case no negligence is even alleged and hence the declaration must be adjudged insufficient.

*Exceptions overruled.*